PATRICK K. SHIELDS, plaintiff in error, *vs.* THE MAYOR AND ALDERMEN OF THE CITY OF SAVANNAH, defendants in error.

Where the complainant alleges in his bill that he has been in possession and enjoyment of certain lands in the city of Savannah for thirty years, and that the city officers have notified him to remove his fence therefrom within five days, or it will be done by them forthwith, as an encroachment upon a street, and where the bill states further that said land has never been dedicated, or occupied, or used, as a street, and where there is no answer filed, or cause by affidavit shown by the defendant why an injunction should not be granted, but the facts stated in the bill are admitted by demurrer, the court should grant the injunction.

Injunction. Municipal corporation. Streets. Before Judge TOMPKINS. Chatham county. At Chambers. July 31st, 1875.

Reported in the opinion.

RUFUS E. LESTER; MELDRIM & ADAMS, for plaintiff in error.

WILLIAM S. BASINGER, by JACKSON & CLARKE, for defendants.

JACKSON, Judge.

Patrick K. Shields brought a bill in equity against the City of Savannah, and stated therein that he had been in the possession and enjoyment of certain lands in that city for more than thirty years under undisputed claim of right; that during all that period the said lands have never been used as a street or otherwise by the authorities of said city; yet that the said city authorities had notified him to remove a fence thereon, and in the event he did not do so within five days, that they would proceed to remove the same as an encroachment upon the street. The bill prayed for an injunction; due notice was given of time and place to hear the same; on the hearing no answer was filed and no affidavits produced, but the facts stated in the bill were admitted on demurrer. The court refused the injunction and dismissed the bill.

The bill is rather meagre in its statement of facts; but it is distinctly stated that the land has been in the possession of the complainant for over thirty years, and that the city has not for that period used any of it for a street, or disputed complainant's claim of right thereto. Thirty years' possession gives the occupant a perfect title to the land; the city, according to the bill, is about to exercise such an act of ownership over it as would cloud the title of the complainant thereto; and under very well settled principles of equity, an injunction will be granted in such a case. The order served upon the complainant is peremptory; it offers no compensation, but claims the right without tendering, or providing for the adjustment of any compensation, to exercise dominion over land admitted by the demurrer to have been for more than thirty years in the possession of com-

plainant with undisputed claim of right thereto. Short as is the bill and few the facts charged, we think that the city should answer, and proof should be heard upon it, and that the court erred in not retaining the bill and granting the injunction. 2 Dillon, p. 576, notes on pp. 577, 839; High, on Injunc., sections 265, 350, and cases cited.

Judgment reversed.